JUDGE SAND

Gregory G. Barnett (GGB-3751)
**CASEY & BARNETT, LLC**
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
Attorneys for Plaintiff

**08 CV 7230**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MUND & FESTER GMBH & CO.KG a/s/o
EXPORTADORA SAFEX LTDA.,

               Plaintiff,

   - against -

M/V CSAV RIO PETROHUE, her engines, boilers,
tackle, furniture, apparel, etc *in rem*; COMPANIA
SUD AMERICANA DE VAPORES S.A., and
AMERICAN TRANSPORTATION GROUP, *in
personam*,

               Defendants.
-----------------------------------------------------------------X



RECEIVED 2008 Civ.
AUG COMPLAINT
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, MUND & FESTER GMBH & CO.KG a/s/o EXPORTADORA SAFEX LTDA. (hereinafter "M&F" or "Plaintiff"), by and through its attorneys, Casey & Barnett, as and for its Complaint against the M/V CSAV RIO PETROHUE, her engines, boilers, tackle, furniture, apparel, etc., *in rem*; and COMPANIA SUD AMERICANA DE VAPORES S.A., and AMERICAN TRANSPORTATION GROUP, in *personam*, alleges upon information and belief as follows:

## PARTIES

1. At all material times, M&F was and is a foreign corporation with an office and place of business located at Trostbrucke 4 20457 Hamburg, Germany and is the subrogated

underwriter of a consignment 1,920 cases of fresh avocados laden on board the M/V CSAV RIO PETROHUE, as more specifically described below.

2. At all material times, EXPORTADORA SAFEX LTDA. (hereinafter "Safex") was and is a foreign corporation with an office and place of business located at Panamericana Norte Km 101, Hijuelas, Chile, and was the shipper, owner and/or assured of the consignment hereinbelow described.

3. Upon information and belief, defendant, COMPANIA SUD AMERICANA DE VAPORES S.A. (hereinafter "CSAV"), was and is a foreign corporation with an office and place of business located at 99 Wood Avenue South, 9th Floor, Iselin, New Jersey 08830, who owns, operates, manages and/or charters ocean-going vessels, including the M/V CSAV RIO PETROHUE (hereinafter "vessel"), that operate between various foreign and domestic ports and, in particular, within this district and was the owner, owner *pro hac vice*, charterer, manager and/or operator of the M/V CSAV RIO PETROHUE, and at all relevant times, was and is doing business within the jurisdiction of this Honorable Court.

4. Upon information and belief, at all times hereinafter mentioned, defendant, AMERICAN TRANSPORTATION GROUP (hereinafter "ATG"), was and still is a business entity duly organized and existing under the laws of a foreign country, with an office at 99 Wood Avenue South, Iselin, New Jersey 08830, and who was at all times acting as the owner, owner *pro hac vice*, charterer, manager and/or operator of the M/V CSAV RIO PETROHUE and as a common carrier of goods by water and/or agent of CSAV.

5. Upon information and belief, at all times hereinafter mentioned, defendant, M/V CSAV RIO PETROHUE was and still is a vessel operated as common carrier of goods in ocean

transportation for hire and upon information and belief, is now, or will be during the pendency of this action, within this District and subject to the jurisdiction of this Honorable Court.

6. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## JURISDICTION

7. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the General Maritime Law of the United States.

## FACTS

8. On or about August 4, 2007, a consignment consisting of 1,920 cases of fresh avocados, laden into container number TRLU1956488 and then being in good order and condition, were delivered to M/V CSAV RIO PETROHUE and the *in personam* defendants and/or their agents in San Antonio, Chile, for transportation to Long Beach, California in consideration of an agreed upon freight and pursuant to CSAV bill of lading number CHIW01G134228 dated August 4, 2007.

9. Thereafter, the consignment having been loaded aboard the M/V CSAV RIO PETROHUE, CSAV bill of lading number CHIW01G134228 was issued, and the vessel sailed for its intended destination.

10. Following discharge it was discovered that the consignment was not in the same good order and condition as when received by the defendants, but instead had sustained damages during transit.

11. Upon inspection, it was determined that the damages sustained to the avocados during transit were the result of exposure to higher than optimum temperatures during the voyage while the consignment was in the care and custody of CSAV and/or their agents.

12. As a result of the damages sustained to the shipment, Safex sustained a loss.

13. The damage to the aforementioned cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, unseaworthiness and bailment on the part of the defendants.

14. At all times relevant hereto, a contract of insurance for property damage was in effect between Safex and M&F, which provided coverage for, among other things, loss or damage to the consignment.

15. Pursuant to the aforementioned contract of insurance between Safex and M&F, monies have been and will be expended on behalf of Safex to the detriment of M&F due to the damages sustained during transit.

16. As M&F has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendants, M&F has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages of against the defendants.

17. Plaintiff and its predecessors in title have performed all of the conditions precedent on their part to be performed under the terms of the said contract.

18. By reason of the foregoing, plaintiff has been sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $17,000.00.

19.   Plaintiff has a maritime lien against the M/V CSAV RIO PETROHUE for the damages referred to herein and will enforce that lien in these proceedings.

20.   All and singular the matters alleged herein are true and correct. Plaintiff reserves the right to amend and supplement this complaint, as further facts become available.

**WHEREFORE**, Plaintiff prays:

1.   In rem service of process be issued against the M/V CSAV RIO PETROHUE, her engines, boilers, tackle, furniture, apparel, etc.; that the vessel be seized and that all those claiming an interest in her be cited to appear and answer under oath both all and singular the matters aforesaid;

2.   The M/V CSAV RIO PETROHUE her engines, boilers, tackle, furniture, apparel, etc., be condemned and sold to satisfy the judgments herein in favor of plaintiff;

3.   The Court order, adjudge and decree that defendants COMPANIA SUD AMERICANA DE VAPORES S.A., AMERICAN TRANSPORTATION GROUP, the M/V CSAV RIO PETROHUE be found joint and severally liable and pay to plaintiff the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs; and;

4.  That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
      August 14, 2008
      260-78

                              CASEY & BARNETT, LLC
                              Attorneys for Plaintiff

                By: _____
                              Gregory G. Barnett (GGB-3751)
                              317 Madison Avenue, 21st Floor
                              New York, New York 10017
                              (212) 286-0225